IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff | ) ) ) |
| vs. | ) CIVIL ACTION NO.  3:22-cv-50 |
| TERESA B. JEROME, | ) ) ) |
| Defendant | ) ) |

**COMPLAINT IN MORTGAGE FORECLOSURE**

The United States of America, a sovereign corporation, by and through its counsel, Cindy K. Chung United States Attorney, in and for the Western District of Pennsylvania, and Knox McLaughlin Gornall & Sennett, P.C., private counsel to the United States of America, for its Complaint alleges:

1. That this Court has jurisdiction under the provisions of 28 U.S.C. §1345.

2. That the Defendant, Teresa B. Jerome, ("Defendant") is believed to reside at 537 Silver Maple Lane, Hopwood, PA 15445.

3. That on or about May 22, 2006, the United States of America, acting through the United States Department of Agriculture, Rural Housing Service, (hereinafter "Plaintiff") lent to the Defendant the sum of $110,395.00 bearing interest at the rate of 5.75% per annum, payable in monthly installments as evidenced by a Promissory Note dated May 22, 2006 (the "Note"), executed by Defendant.  A true and correct copy of the Note is attached hereto, marked Exhibit A, and made a part hereof as if set forth in its entirety at this point.

4. In order to secure payment of all sums due under the Note, on May 22, 2006, Defendant, executed, and delivered a Mortgage for Pennsylvania (the "Mortgage") to the

Plaintiff. The Mortgage further provided that upon default in the payment of any installment due under the Note, the entire indebtedness shall, at the option of the obligee, become due and payable immediately. A true and correct of the Mortgage is attached hereto, marked Exhibit B, and made part hereof as if set forth in its entirety at this point.

5. On May 22, 2006, Defendant executed a Subsidy Repayment Agreement with the Plaintiff, a copy of which is attached hereto as Exhibit C and incorporated herein by reference,

6. The Mortgage was recorded on May 24, 2006, in the Cambria County, Pennsylvania Recorder's Office at Instrument No. 2006-00007684. The real property attached by the mortgage and upon which Plaintiff holds a first lien is commonly known as 137 Damian Drive, Johnstown, PA 15905; Parcel No. 62-025-418.0000 ("the "Real Property"). A true and correct legal description of the Real Property is attached hereto as Exhibit D and incorporated herein by reference.

7. On May 22, 2015, Defendant executed a Reamortization Agreement with the Plaintiff, changing the monthly payment amount. Please see a copy of the Reamoritzation Agreement, attached hereto as Exhibit E, and incorporated herein by reference.

8. That Plaintiff believes the Real Property to be abandoned.

9. That during the course of the loan, the Defendant's monthly mortgage payments may have been subsidized by the Plaintiff. Pursuant to 42 U.S.C. §1490(a) and the Mortgage, any subsidy received by the Defendant, is subject to recapture upon disposition of the property. The amount of the subsidy, if any, that may be due, if any, is set forth in the due and owing paragraph of this Complaint.

10. That the Plaintiff is the owner and holder of the Note and Mortgage.

11. The accelerated balance presently due to Plaintiff under the Note is as follows:

|  |  |  |
|---|---|---|
| (a) Principal and advances | $ | 99,559.36 |
| (b) Interest through 1/4/2022 |  | 27,431.18 |
| (c) Payment assistance charges |  | 30,128.76 |
| (d) Escrow/Impound Required |  | 3,195.09 |
| (e) Fees assessed |  | 24,329.65 |
| (f) Intrest changes on fess assessed |  | 1,986.68 |
| (g) Attorney's fees (est.) |  | 2,000.00 |
| (h) Late fees |  | 500.31 |
| (i) Costs |  | to be added |
| Total due | $ | 189,131.03 |

12. That Plaintiff is entitled to collect its reasonable attorney's fees, which will amount to $2,000.00 and increase depending on the extent of litigation required.

13. No other action has been brought at law or in equity, to enforce the provisions of the aforesaid Note and Mortgage, and all conditions precedent to the bringing of the action have been performed or have occurred.

14. Plaintiff's lien is prior and superior to any other lien or claim against the Property.

15. To the best of Plaintiff's knowledge and belief, Defendant is the current record owner of the mortgage premises.

16. As a result of the default of Defendant, Plaintiff is entitled to foreclose Defendant's interest in the Property and to cause the Property to be exposed to Marshal's Sale.

WHEREFORE, Plaintiff respectfully prays for a judgment in mortgage foreclosure against the Defendant, Teresa B. Jerome, in the amount of the accelerated balance set forth above, together with reasonable attorney's fees and costs of this suit, and for a judicial sale of the Real Property and that Defendant and every person whose conveyance or encumbrance is subsequent or subsequently recorded be forever barred and foreclosed of all rights, claims, liens, and equity at redemption in the mortgaged premises and that Plaintiff be granted such other relief as is necessary and just.

Dated at Erie, Pennsylvania, this 11th day of April 2022.

Respectfully submitted,

UNITED STATES OF AMERICA
CINDY K. CHUNG,
UNITED STATES ATTORNEY
WESTERN DISTRICT OF PENNSYLVANIA


BY:   /s/ Mark G. Claypool
      Mark G. Claypool, Esq.
      120 West Tenth Street
      Erie, Pennsylvania 16501
      (814) 459-2800
      Private Counsel to the
      United States of America
      mclaypool@kmgslaw.com